# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| CHAMPIONSHIP TOURNAMENTS, LLC | * | |
| *Plaintiff* | * | |
| v. | * | Civil Case No. ELH-18-2580 |
| | * | |
| UNITED STATES YOUTH SOCCER | * | |
| ASSOCIATION, INC., et al. | * | |
| *Defendants* | * | |

*********

## MEMORANDUM OPINION

Championship Tournaments, LLC, d/b/a Elite Tournaments ("Elite"), filed suit in the Circuit Court for Howard County against United States Youth Soccer Association, Inc. ("USYSA"); United States Youth Soccer Association, Inc. d/b/a US Youth Soccer; United States Youth Soccer Association, Inc. d/b/a/ US Youth Soccer Region I; United States Youth Soccer Association, Inc. d/b/a Eastern Regional League; and United States Youth Soccer Association, Inc. d/b/a US Youth Soccer Region I – Eastern Regional League. ECF 1-3 (the "Complaint"). Plaintiff alleges "Breach of Contract" (Count I); "Anticipatory Breach of Contract" (Count II); and "Declaratory Judgment" (Count III). *Id.* at 11-16.

On the basis of diversity jurisdiction, USYSA removed the case to this Court, pursuant to 28 U.S.C. §§ 1332. ECF 1, ¶ 5. Now pending is plaintiff's Motion for Remand. ECF 12. The motion is supported by a memorandum of law (ECF 12-1) (collectively, the "Motion"), along with exhibits. *See* ECF 12-2 to ECF 12-4.[1]

---

[1] Defendant USYSA asserts that plaintiff has erroneously named multiple entities as defendants. ECF 15 at 1. For the purpose of the Motion, this discrepancy is not significant. Therefore, I shall refer to defendant, rather than defendants.

Plaintiff alleges that the removal violates a forum selection clause contained in the "Memorandum of Understanding" at issue in this case. *See* ECF 12-2 (the "Contract"). Further, Elite claims the Notice of Removal was not timely filed within the 30-day period established under 28 U.S.C. § 1446. USYSA opposes the Motion (ECF 15, the "Opposition") and submitted an exhibit. ECF 15-1. Plaintiff has replied. ECF 21 ("Reply").

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I. Factual Background

On October 7, 2016, Elite, a sports management firm specializing in youth sporting events, entered into a contract with "Eastern Regional League U.S. Youth Soccer Region I" ("ERL"). ECF 1-3, ¶¶ 22-27; *see also* ECF 12-2. The parties agreed that ERL would incorporate some of Elite's soccer events and tournaments into its youth soccer regional league. ECF 1-3 at ¶¶ 1, 30. The contract has a three-year term and terminates after the end of the 2019 Eastern Regional League season. *Id.* at ¶¶ 2, 31.

The Complaint alleges that USYSA unilaterally announced that it would be eliminating its regional league system in favor of national conferences. Further, it allegedly announced that it had selected a different company, instead of Elite, to manage its tournaments. *Id.* at ¶¶ 3, 47-55. According to Elite, the defendant told Elite in no uncertain terms that USYSA and its member clubs would not participate in Elite's events in 2019. *Id.* ¶ 5. As a consequence, Elite claims the defendant is in breach of contract.

The parties currently dispute the meaning of their Contract's forum selection clause. The clause states, ECF 12-2 at 6 (emphasis added):

**15. Disputes**

> If a dispute arises, the parties will try in good faith to settle it through mediation conducted by an independent mediator to be mutually selected. The parties will share the costs of the mediator equally. Each party will cooperate fully and fairly with the mediator and will attempt to reach a mutually satisfactory compromise to the dispute. If the dispute is not resolved within 30 days after it is referred to the mediator, *either party may file a lawsuit in Howard County in the State of Maryland*.

## II. Legal Standard

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Further, a federal court must presume that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper. *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

A civil action filed in state court may be removed to federal court if it is one over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). The burden of demonstrating jurisdiction and the propriety of removal rests with the removing party. *See McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010); *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). Therefore, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

Courts are required to construe removal statutes narrowly. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). This is because "the removal of cases from state to federal court raises significant federalism concerns." *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011), *abrogated in part on other grounds by* the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011); *see also Mulcahey v.*

*Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction.") (citing *Shamrock*, 313 U.S. at 108-09). Indeed, a federal court "should construe removal statutes narrowly, [with] any doubts . . . resolved in favor of state court jurisdiction." *Barbour*, 640 F.3d at 617; *see also Cohn v. Charles*, 857 F.Supp.2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

Courts in this circuit have held that a motion to remand from federal to state court on the basis of a forum selection clause is, in effect, a challenge to subject matter jurisdiction under Rule 12(b)(1). *See Nahigian v. Juno-Loudoun, LLC*, 661 F. Supp. 2d 563, 565-66 (E.D. Va. 2009) (reviewing the plaintiff's motion to remand from federal to state court under Rule 12(b)(1)); *Garner v. Supervalu, Inc.*, DKC 2008-0895, 2008 WL 11416969, at *1 (D. Md. June 4, 2008) (explaining that "[t]he motion to remand challenges Defendant's assertion of diversity jurisdiction and is akin to a motion to dismiss for lack of subject matter jurisdiction governed by [Rule] 12(b)(1)").

A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns,* 585 F.3d at 192. On the other hand, in a factual challenge, "the district court

4

is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Id*. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347-48 (4th Cir. 2009); *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

The jurisdictional facts are essentially uncontested. Although the Motion is a facial challenge, I may consider the Contract because it is incorporated into the complaint by reference. Indeed, it is central to the suit. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citation omitted).

## III.   Discussion

### A.  Principles of Contract Construction

In regard to state law claims under diversity jurisdiction, federal courts apply federal procedural law and the substantive law of the state in which the proceeding is brought. *See, e.g.*, *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938); *Leichling v. Honeywell Intern., Inc.*, 842 F.3d 848, 851 (4th Cir. 2016); *see also Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 74 (4th Cir. 2016); *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007); 19 WRIGHT & MILLER, FED. PRACTICE & PROCEDURE § 4501 (3d ed.). And, federal courts apply the choice of law rules of the state in which the court sits. *See, e.g.*, *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 652-53 (4th Cir. 2010); *see also Prof'l Massage Training Cent., Inc. v. Accreditation All. of Career Schs. & Colls.*, 781 F.3d 161, 180 (4th Cir. 2015); *Demetres v. E. W. Const. Inc.*, 776 F.3d 271, 273 (4th Cir. 2015).

In a contract suit, Maryland courts follow the rule of *lex loci contractus*, applying the substantive law of the state where the contract was formed, unless there is a choice-of-law provision in the contract. *Am. Motorists Ins. Co. v. ARTRA Group, Inc.*, 338 Md. 560, 573, 659 A.2d 1295, 1301 (1995). Here, the Contract contains a choice of law clause, stating: "This agreement will be governed by and construed in accordance with the laws of the State of Maryland." ECF 12-2 at 7. Accordingly, I will apply Maryland law in addressing the Motion. *See Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 696 (D. Md. 2011) ("When choosing the applicable state substantive law while exercising diversity or supplemental jurisdiction, a federal district court applies the choice of law rules of the forum state.") (citing *ITCO Corp. v. Michelin Tire Corp., Commercial Div.*, 722 F.2d 42, 49 n. 11 (4th Cir. 1983)).

In general, a contract is defined as "a promise or set of promises for breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty." RICHARD A. LORD, 1 WILLISTON ON CONTRACTS § 1:1, at 2-3 (4th ed. 1990); *accord* Restatement (Second) Contracts § 1, at 5 (1981); *see also Maslow v. Vanguri*, 168 Md. App. 298, 321, 896 A.2d 408, 421-22, *cert. denied*, 393 Md. 478, 903 A.2d 416 (2006). "'A contract is formed when an unrevoked offer made by one person is accepted by another.'" *Cty. Comm'rs for Carroll Cty. v. Forty W. Builders, Inc.*, 178 Md. App. 328, 377, 941 A.2d 1181, 1209 (2008) (quoting *Prince George's County v. Silverman*, 58 Md. App. 41, 57, 472 A.2d 104, 112 (1984)). Thus, mutual assent is an integral component of every contract. *See, e.g., Joseph Saveri Law Firm Inc. v. Michael E. Criden, P.A.*, ––– F. App'x ––––, 2019 WL 181453, at *2 (4th Cir. Jan. 14, 2019) (recognizing as a "bedrock principle of law" that an offeree must accept an offer to form a contract); *Cochran v. Norkunas*, 398 Md. 1, 14, 919 A.2d 700, 708 (2007); *Advance Telecom Process LLC v. DSFederal, Inc.*, 224 Md. App. 164, 177, 119 A.3d 175, 183 (2015).

"In determining whether there was an enforceable contract, [courts] began [the] analysis by discussing the essential prerequisite of mutual assent to the formation of a contract . . . ." *Falls Garden Condo. Ass'n, Inc. v. Falls Homeowners Ass'n, Inc.*, 441 Md. 290, 302, 107 A.3d 1183, 1189 (2015); *see also Mitchell v. AARP*, 140 Md. App. 102, 116, 779 A.2d 1061, 1069 (2001) ("An essential element with respect to the formation of a contract is 'a manifestation of agreement or mutual assent by the parties to the terms thereof; in other words, to establish a contract the minds of the parties must be in agreement as to its terms.'" (citations omitted)). "Manifestation of mutual assent includes two issues: (1) intent to be bound, and (2) definiteness of terms." *Cochran*, 398 Md. at 14, 919 A.2d at 708.

A contract may be oral or written, as well as express or implied. "'An express contract has been defined as an actual agreement of the parties, the terms of which are openly uttered or declared at the time of making it, being stated in distinct and explicit language, either orally or in writing.'" *Maryland Cas. Co. v. Blackstone Int'l Ltd.*, 442 Md. 685, 706, 114 A.3d 676, 688 (2015) (quoting *Cty. Comm'rs of Caroline Cty v. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 94, 747 A.2d 600, 606 (2000)). Whether oral or written, a contract must express with certainty the nature and extent of the parties' obligations and the essential terms of the agreement. *Forty W. Builders*, 178 Md. App. at 377-78, 941 A.2d at 1209-10; *see Canaras v. Lift Truck Services*, 272 Md. 337, 346, 322 A.2d 866, 871 (1974). If an agreement omits an important term, or is otherwise too vague or indefinite with respect to an essential term, it is not enforceable. *Mogavero v. Silverstein*, 142 Md. App. 259, 272, 790 A.2d 43, 51 (2002); *see L & L Corp. v. Ammendale*, 248 Md. 380, 385, 236 A.2d 734, 737 (1967); *Schloss v. Davis*, 213 Md. 119, 123, 131 A.2d 287, 290 (1956) (stating that a "contract may be so vague and uncertain as to price or amount as to be unenforceable").

"'The cardinal rule of contract interpretation is to give effect to the parties' intentions.'"

7

*Dumbarton Imp. Ass'n. Inc. v. Druid Ridge Cemetery Co.*, 434 Md. 37, 51, 73 A.3d 224, 232 (2013) (citation omitted). To determine the parties' intention, courts look first to the written language of the contract. *Walton v. Mariner Health of Maryland, Inc.*, 391 Md. 643, 660, 894 A.2d 584, 594 (2006) ("[G]enerally, when seeking to interpret the meaning of a contract our search is limited to the four corners of the agreement."); *Hartford Acc. & Indem. Co. v. Scarlett Harbor Assoc. Ltd. P'ship*, 109 Md. App. 217, 291, 674 A.2d 106, 142 (1996) ("[T]he court must, as its first step, determine from the language of the agreement what a reasonable person in the position of the parties would have meant at the time the agreement was effectuated."), *aff'd,* 346 Md. 122, 695 A.2d 153 (1997).

Under Maryland law, the interpretation of a contract is "ordinarily a question of law for the court." *Grimes v. Gouldmann*, 232 Md. App. 230, 235, 157 A.3d 331, 335 (2017); *see also Spacesaver Sys., Inc. v. Adam*, 440 Md. 1, 7, 98 A.3d 264, 268 (2014); *Myers v. Kayhoe*, 391 Md. 188, 198, 892 A.2d 520, 526 (2006); *Towson Univ. v. Conte*, 384 Md. 68, 78, 862 A.2d 941, 946 (2004); *Lema v. Bank of Am., N.A.*, 375 Md. 625, 641, 826 A.2d 504, 513 (2003); *Under Armour, Inc. v. Ziger/Snead, LLP*, 232 Md. App. 548, 552, 158 A.3d 1134, 1136 (2017). "Maryland courts interpreting written contracts have long abided by the law of objective contract interpretation, which specifies that 'clear and unambiguous language' in an agreement 'will not give way to what the parties thought the agreement meant or was intended to mean.'" *Urban Growth Prop. Ltd. P'ship v. One W. Balt. St. Assocs. LLC*, No. 882, Sept. Term, 2015, 2017 WL 526559, at *5 (Md. Ct. Spec. App. Feb. 9, 2017) (citation omitted) (unpublished); *see Cochran*, 398 Md. at 16, 919 A.2d at 709; *Huggins v. Huggins & Harrison, Inc.*, 220 Md. App. 405, 417, 103 A.3d 1133, 1139 (2014) (internal quotations and alteration omitted).

The court's "task, therefore, when interpreting a contract, is not to discern the actual mindset of the parties at the time of the agreement." *Dumbarton*, 434 Md. at 52, 73 A.3d at 232. Rather, the court is to "'determine from the language of the agreement itself what a reasonable person in the position of the parties would have meant at the time it was effectuated.'" *Id.* (quoting *Gen. Motors Acceptance v. Daniels,* 303 Md. 254, 261, 492 A.2d 1306, 1310 (1985)).

To determine the parties' intention, courts first look to the written language of the contract. *See Walton*, 391 Md. at 660, 894 A.2d at 594. "'The words employed in the contract are to be given their ordinary and usual meaning, in light of the context within which they are employed.'" *DIRECTV, Inc. v. Mattingly*, 376 Md. 302, 313, 829 A.2d 626, 632-33 (2003) (citations omitted). A court will presume that the parties meant what they stated in an unambiguous contract, without regard to what the parties to the contract personally thought it meant or intended it to mean. *See Dumbarton*, 434 Md. at 51, 73 A.3d at 232; *Dennis v. Fire & Police Employees Ret. Sys.*, 390 Md. 639, 656, 890 A.2d 737, 747 (2006); *PaineWebber Inc. v. East*, 363 Md. 408, 414, 768 A.2d 1029, 1032 (2001); *see also, e.g.*, *Scarlett Harbor,* 109 Md. App. at 291, 674 A.2d at 142 ("Where the language of a contract is clear, there is no room for construction; it must be presumed that the parties meant what they expressed.").

The determination of whether a contract is ambiguous is a question of law. *Towson Univ.*, 384 Md. at 78, 862 A.2d at 946; *Sy-Lene of Wash., Inc. v. Starwood Urban Retail II, LLC*, 376 Md. 157, 163, 829 A.2d 540, 544 (2003). Notably, a contract is not ambiguous merely because the parties do not agree on its meaning. *Fultz v. Shaffer*, 111 Md. App. 278, 299, 681 A.2d 568, 578 (1996). Rather, a contract is ambiguous "when the language of the contract is susceptible of more than one meaning to a reasonably prudent person." *Auction & Estate Representatives, Inc. v. Ashton*, 354 Md. 333, 340, 731 A.2d 441, 444-45 (1999); *see also Cochran*, 398 Md. at 17, 919

A.2d at 710; *Sy-Lene of Washington*, 376 Md. at 167, 829 A.2d at 547; *Calomiris v. Woods*, 353 Md. 425, 436, 727 A.2d 358, 363 (1999).

To ascertain whether a contract is ambiguous, a court considers "the character of the contract, its purpose, and the facts and circumstances of the parties at the time" that they enter into the contract. *Pacific Indem. Co. v. Interstate Fire & Cas. Co.*, 302 Md. 383, 388, 488 A.2d 486, 488 (1985). But, "'[i]f only one reasonable meaning can be ascribed to the [contract] when viewed in context, that meaning necessarily reflects the parties' intent.'" *Forty W. Builders*, 178 Md. App. at 377, 941 A.2d at 1209 (quoting *Labor Ready, Inc. v. Abis*, 137 Md. App. 116, 128, 767 A.2d 936, 942 (2001)).

Notably, a court will not "add or delete words to achieve a meaning not otherwise evident from a fair reading of the language used." *Brensdel v. Winchester Constr. Co.*, 392 Md. 601, 623, 898 A.2d 472, 485 (2006). Indeed, "[i]t is a fundamental principle of contract law that it is 'improper for the court to rewrite the terms of a contract, or draw a new contract for the parties, when the terms thereof are clear and unambiguous, simply to avoid hardships.'" *Calomiris v. Woods*, 353 Md. 425, 445, 727 A.2d 358, 368 (1999) (*quoting Canaras v. Lift Truck Servs.*, 272 Md. 337, 350, 322 A.2d 866, 873 (1974)); *see Loudin Ins. Agency, Inc. v. Aetna Cas. & Sur. Co.*, 966 F.2d 1443 (Table), 1992 WL 145269, at *5 (4th Cir. 1992) (per curiam) ("[A] court will not rewrite the parties' contract simply because one party is no longer satisfied with the bargain he struck.").

### B. Forum Selection Clause

The parties dispute whether the Contract required the party to litigate this case in a court in Howard County, Maryland, *i.e.*, a Maryland State court. Defendant alleges that the forum selection clause in the Contract is permissive, simply designating Howard County as one possible

venue for disputes. ECF 15 at 1. Plaintiff contends that the forum selection clause is mandatory, designating Howard County as the exclusive forum in the event of litigation. ECF 12-1 at 6. In plaintiff's view, the word "may" refers to the parties' rights to bring suit, not to the jurisdiction and venue of that suit. *Id.* at 8.

Mandatory forum selection clauses are presumptively enforceable and can preclude removal. A mandatory selection clause contains "clear language showing that jurisdiction is appropriate only in the designated forum." *Davis Media Grp., Inc. v. Best Western Int'l, Inc.*, 302 F. Supp. 2d 464, 467 (D. Md. 2004). By contrast, a permissive clause "permits jurisdiction in the selected forum without precluding it elsewhere." *Id.* Of import here, the Fourth Circuit has said: "A general maxim in interpreting forum selection clauses is that an agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion." *IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007). That is, a forum selection clause is permissive unless specific language excludes other jurisdictions.

For example, in *Rihani v. Team Exp. Distributing, LLC*, 711 F. Supp. 2d 557 (D. Md. 2010), the forum selection clause stated that "venue for all actions arising out of or in any way related to this Agreement *shall be irrevocably set* in Howard County, Maryland." *Id.* at 558 (my emphasis). The court concluded that this language clearly excludes any other proper jurisdictions and expressly mandates that any related actions must take place in Howard County. *Id.* at 561. Similarly, in *FindWhere Holdings, Inc., v. Systems Environmental Optimizations, LLC*, 626 F.3d 752 (4th Cir. 2010), the Court concluded that the phrase "any dispute or legal action . . . *shall lie exclusively in*" rendered the forum selection clause mandatory and excluded any other proper venues. *Id.* at 754 (emphasis added).

11

Nevertheless, the word "may" does not automatically render a forum selection clause permissive. In certain limited contexts, "may" can function as the equivalent of "shall" and therefore support reading a forum selection clause as mandatory. *See, e.g.*, *Doyon Drilling, Inc. v. Loadmaster Eng'g, Inc.*, No. 3:10-CV-00094 JWS, 2010 WL 4386904, at *2 (D. Alaska Oct. 29, 2010) ("Under limited circumstances, 'may' can be synonymous with 'shall.'"). However, the use of the word "may" in a forum selection clause, in the absence of any exclusive language, connotes a permissive clause that does not exclude other proper venues. *See Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 381 (2012) (concluding, in the context of a federal statute, that no exclusive federal jurisdiction exists absent exclusive language, such as "only," that specifies an action may only be brought in state court).

In *IntraComm*, 492 F.3d at 290, the Fourth Circuit considered a forum selection clause similar to the clause in the Contract in the case at bar. The forum selection clause stated: "In the event that such good faith negotiations do not result in a resolution of a dispute, *either party shall be free to* pursue its rights at law or equity in a court of competent jurisdiction in Fairfax County, Virginia." *Id.* (my emphasis). The Fourth Circuit concluded that the "phrase 'shall be free to' is scarcely, if any, more restrictive than the word "'may.'" The Court therefore concluded that the forum selection clause was permissive, not mandatory.

It follows that the word "may" in the parties' Contract is permissive. The disputed forum selection clause does not contain any exclusive language that would function to modify the permissive effect of the word "may," so as to render the clause mandatory. The clause does not contain language that, for example, states that either party "may only" file a lawsuit in Howard County. *See, e.g.*, *Mims*, 565 U.S. at 381 (concluding that the statute did not "state that a private

12

plaintiff may bring a[n] . . . action 'only' or 'exclusively' in state court" and was therefore permissive).

Moreover, plaintiff's argument that, in limited circumstances, the word "may" functions as the equivalent to "shall" is unavailing. Even the use of the word "shall" does not automatically render a forum selection clause mandatory.

In *Allied Fire Protection, Inc. v. Thai*, PWG-17-551, 2017 WL 4354802 (D. Md. Oct. 2, 2017), the forum selection clause stated that "disputes shall be heard in an appropriate court of PG County, Maryland." *Id.* at *4. The court determined that the use of the word "shall" did not mandate Prince George's County as the exclusive venue. *Id.* Rather, the clause simply recognized jurisdiction in that county, without excluding jurisdiction in any other proper venue. *Id.*

Even if "may" were treated as equivalent to "shall," the forum selection clause contains no exclusive language, thereby crippling plaintiff's argument that jurisdiction is limited to Howard County. Absent such exclusive language, there is no indication that the parties intended Howard County to be the exclusive venue for their legal actions. By the same logic, even if the "may" in the Contract refers to the parties' rights to sue and not to the forum, the Contract is still permissive because it contains no exclusive language.

### C. Timely Removal

Section 1446(b) of Title 28 of the United States Code provides:

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b).

It is a "bedrock principle" that an "individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal

13

process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Therefore, the "time for counting the days for filing notice of removal under § 1446(b) starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391 (4th Cir. 2018). For example, in *Murphy Brothers*, 526 U.S. at 347-48, the defendant's receipt of a faxed courtesy copy of the complaint did not constitute formal receipt of process and therefore did not trigger the 30-day removal period.

Elite alleges that defendant's email receipt of the Complaint triggered the removal period on July 20, 2018. Therefore, in Elite's view, the 30-day removal period lapsed on August 19, 2018, two days before defendant filed a Notice of Removal. But, the receipt of an email, like the receipt of a fax, does not constitute formal service of process. *See Maddaloni Jewelers Inc. v. Rolex Watch U.S.A., Inc.*, 2002 WL 31509881, at *4 (S.D.N.Y., Nov. 6, 2002) (holding that an emailed courtesy copy does not start the removal period).

Here, formal service of process was not effectuated until July 25, 2018, when the defendant's registered agent received the Complaint and summonses via U.S. Certified Mail. Accordingly, the 30-day removal period did not lapse before the defendant filed a Notice of Removal on August 21, 2018.

## IV.     Conclusion

For the reasons set forth above, I shall deny the Motion. An Order follows, consistent with this Memorandum Opinion.

Dated: February 8, 2019                              /s/
                                                     Ellen L. Hollander
                                                     United States District Judge