**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF　　　　　　　　　　　　　　　　　　　　　　　　　　101 WEST LOMBARD STREET
STEPHANIE A. GALLAGHER　　　　　　　　　　　　　　　　　　　　BALTIMORE, MARYLAND 21201
UNITED STATES DISTRICT JUDGE　　　　　　　　　　　　　　　　　　　　　　(410) 962-7780

December 18, 2019

LETTER TO COUNSEL

      RE:    *Championship Tournaments, LLC d/b/a Elite Tournaments v. United States Youth Soccer Association, Inc., et al.*, Civil No. SAG-18-2580

Dear Counsel:

      I am in receipt of the Motion for Partial Summary Judgment on the Issue of Liability filed by Plaintiff Championship Tournaments, LLC, d/b/a Elite Tournaments ("Elite"), ECF 59, and the Motion for Judgment on the Pleadings With Respect to Plaintiff's Claim for Declaratory Relief, filed by Defendants United States Youth Soccer Association, Inc. d/b/a US Youth Soccer, United States Youth Soccer Association, Inc. d/b/a US Youth Soccer Region I, United States Youth Soccer Association, Inc. d/b/a Eastern Regional League, and United States Youth Soccer Association, Inc. d/b/a US Youth Soccer Region I-Eastern Regional League (collectively "USYSA"), ECF 62. I have reviewed both motions, along with the respective oppositions and replies. ECF 63, 64, 65. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated below, Elite's Motion is GRANTED in part as to Counts I and II and DENIED in part as to Count III, and USYSA's Motion is GRANTED.

      The parties agree that on October 7, 2016, they entered a three-year contract, under which Elite would manage the Eastern Region of USYSA's youth soccer program and would recoup all revenue generated by USYSA's tournament events. *See* ECF 63 at 2 (USYSA's concession of liability). The parties also agree that USYSA materially breached the contract by restructuring its regional leagues, and by hiring a different event management company to operate and manage youth soccer tournaments within the Eastern Region during the 2018-19 soccer season. *Id.* Accordingly, USYSA does not oppose entry of judgment, solely on the issue of liability, as to Count I (breach of contract) and Count II (anticipatory breach of contract).[1] *Id.*

      The parties' primary dispute centers around the viability of Count III. Citing the Declaratory Judgment Act, 28 U.S.C.A. § 2201 *et seq.*,[2] Elite seeks a declaration:

---

[1] Functionally, there is no difference between the claims set forth in Counts I and II at this point in time, since the 2018-19 soccer season has now concluded. The breach that was anticipatory when the Complaint was filed is now just part of USYSA's overall breach of contract, as alleged in Count I. Although Elite will not be entitled to recover twice for the same breach of contract, summary judgment on the basis of liability remains appropriate as to both claims.

[2] The Fourth Circuit directs that all state court declaratory actions that are removed to federal court should be viewed as invoking the Federal Declaratory Judgment Act. *Hartford Fire Ins. Co. v.*

    A.   Declaring that USYSA is a party to the Contract, and is liable to Elite for all damages suffered by Elite as a consequence of its breach of the Contract;

    B.   Declaring that USYSA is a party to the Contract, and is liable to Elite for all damages suffered by Elite as a consequence of its anticipatory breach of contract; and

    C.   Awarding Elite all costs and fees incurred in pursuing this action.

ECF 1-3, ¶ 82.

USYSA seeks judgment on the pleadings as to Count III, because the relief sought is duplicative of the elements of Counts I and II. ECF 59. Elite counters that the relief sought in Count III is not duplicative, but Elite does not specifically identify the differences between its claims. *See* ECF 64, ¶¶ 17-20. In the Court's assessment, the declaratory relief Elite seeks in subsections "A" and "B" of Count III is entirely duplicative of the elements of Elite's breach of contract claims, warranting judgment in USYSA's favor. *See John M. Floyd & Assocs., Inc. v. Howard Bank*, No. RDB-18-2887, 2019 WL 1755968, at *4 (D. Md. Apr. 18, 2019) (dismissing, as duplicative, a declaratory judgment count that encompassed the plaintiff's entire breach of contract claim). The only exception is subsection "C," Elite's request for an award of its costs and fees incurred in this action.

The Declaratory Judgment Act "is not one which adds to the jurisdiction of the court, but is a procedural statute which provides an additional remedy for use in those cases and controversies of which the federal courts already have jurisdiction." *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 323 (1937). The determination whether to grant declaratory relief rests in the Court's discretion. *See id.* at 324 (noting that the Declaratory Judgment Act "merely gives the court power to grant the remedy without prescribing any of the conditions under which it is to be granted, and it is hardly to be supposed that it was intended that it should be granted as of course in every case where a controversy exists"). The Fourth Circuit has noted that the principal criteria in favor of granting declaratory judgments are: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Id.* at 325.

Neither of those criteria is applicable here. The parties' legal relations, vis-à-vis Elite's breach of contract claims, are well-settled as a result of the judgment on liability being granted herein. Instead, Elite attempts to use the federal Declaratory Judgment Act to obtain relief otherwise unavailable for its state law claims. In Maryland, unless a contract expressly provides for recovery of costs and fees, the American rule applies to breach of contract cases. *See Collier*

---

*Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 n.3 (4th Cir. 2013). Since this case was removed from the Circuit Court for Howard County, Maryland, ECF 1, Elite's Count III is treated as if it were brought under the Federal Declaratory Judgment Act.

*v. Md.-Individual Practice Ass'n*, 327 Md. 1, 17 (1992) ("With the exception of cases involving liability insurers and cost of defense, Maryland law has never recognized fee shifting in breach of contract actions, absent contractual provision, statute or rule."). The Declaratory Judgment Act does not create any additional entitlement to monetary remedies, and cannot be used to vitiate the American rule. Because Count III, then, cannot afford Elite any relief it will not already obtain via its judgment on liability in Counts I and II, judgment for USYSA on Count III will be granted.

For the reasons set forth above, Elite's Motion for Partial Summary Judgment, ECF 59, is GRANTED as to Counts I and II and DENIED as to Count III. USYSA's Motion for Judgment on the Pleadings as to Count III, ECF 62, is granted. A telephonic scheduling conference will be set to discuss a trial date regarding damages.

Despite the informal nature of this letter, it should be flagged as an Opinion. An implementing Order will issue.

                                              Sincerely yours,

                                              /s/

                                              Stephanie A. Gallagher
                                              United States District Judge